UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARILYN FORTNER,

    Plaintiff,

v.                                                    Case No. 11-13283

AT&T,                                        HON. AVERN COHN

    Defendant.
_____/

## MEMORANDUM AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 9)[1]

### I. Introduction

This is an employment case. Plaintiff Marilyn Fortner is proceeding pro se. Plaintiff is suing her former employer, claiming discrimination and harassment. As will be explained, this is the third lawsuit she has filed against defendant. Before the Court is defendant's motion to dismiss on the grounds her claims are barred by res judicata, the statute of limitations, and are insufficiently plead. For the reasons that follow, the motion will be granted and the case will be dismissed.

### II. Background

Plaintiff is a former employee of Ameritech, the predecessor to Michigan Bell Telephone Company.[2] Plaintiff was terminated from her employment with Ameritech on

---

[1] The Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Plaintiff has named AT&T as defendant. However, the correct defendant is Michigan Bell Telephone Company.

or about April 15, 1999.  Since her termination, plaintiff has filed three lawsuits against her former employer in this district.  Each lawsuit is described below.

Plaintiff first sued Ameritech on June 5, 2000.  Fortner v. Ameritech, case no. 00-72526, which was assigned to another judge in this district.  The complaint alleged a violation of Title VII, sexual harassment and retaliation.  Following discovery, Ameritech filed a motion for summary judgment.  The district court referred the motion to a magistrate judge for a report and recommendation.  The magistrate judge recommended that the motion be granted, stating that ". . . it is clear that the decision to terminate Plaintiff was based on reasons unrelated to any complaints of discrimination that Plaintiff filed" and that Plaintiff could not meet the essential elements of either a quid pro quo or hostile work environment sexual harassment claim.  See Doc. 10-5 in case no. 00-72526.  The district court adopted the report and recommendation.  Following the denial of reconsideration, plaintiff appealed.  The Court of Appeals for the Sixth Circuit affirmed.  Fortner v. Ameritech, No. 02-1328 (Oct. 21. 2002) (unpublished).

Seven years later, on May 7, 2007, plaintiff filed a second complaint regarding her termination.  Fortner v. AT&T, case no. 07-11999, which was assigned to another judge in this district.  The complaint alleged that plaintiff's termination was the result of age and disability discrimination, as well as retaliation for filing an earlier complaint with the EEOC.  AT&T filed a motion for summary judgment on the grounds that plaintiff's claims were barred by res judicata and the statute of limitations.  The district court granted AT&T's motion.  Plaintiff appealed.  The Sixth Circuit dismissed the appeal for failure to pay the filing fee.  Fortner v. AT&T, No. 07-2185 (Dec. 31, 2008) (unpublished).

Finally, on July 27, 2011, plaintiff filed this case, again raising claims out of her 1999 termination, including retaliation, discrimination, harassment, and failure to rehire.

### III.  Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).  See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir.2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (internal quotation marks and citation omitted).  Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 1949 (internal quotation marks and citation omitted).

### IV.  Analysis

The doctrine of res judicata "bars a second, subsequent action when (1) the prior

3

action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." Bates v. Twp of Van Buren, 459 F3d 731, 734 (6th Cir. 2006) (citing Adair v. State of Michigan, 470 Mich. 105 (2004)). The doctrine "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." Id. The Sixth Circuit Court of Appeals has explained that the doctrine of res judicata "promote[s] the finality of judgments, which in turn increases certainty, discourages multiple litigation and conserves judicial resources." Sanders Confectionery Prods., Inc. v. Heller Fin., Inc., 973 F.2d 474, 480 (6th Cir. 1992).

     Here, plaintiff's claims termination of employment, retaliation, discrimination and harassment are barred by res judicata. First, this lawsuit, like plaintiff's lawsuits in 2000 and 2007, involved the same parties—Plaintiff and predecessor Ameritech/AT&T. Second, both the 2000 and 2007 lawsuits were decided on the merits. In this case, plaintiff again complains about the termination of her employment based on retaliation, age discrimination, and harassment. It is clear from the similarity of the complaints that any of plaintiff's claims as to retaliation, discrimination or harassment in regards to her termination or any events arising up to May 7, 2007 were—or at the very least could have been—resolved in either the 2000 or 2007 lawsuits. Thus, plaintiff's claims are clearly barred by res judicata.

     Moreover, to the extent plaintiff is making claims based on events prior to July 27, 2008, they are time barred. Plaintiff's employment was terminated in April, 1999. The complaint was filed on July 27, 2011. The statute of limitations for claims brought

under Michigan's Elliott-Larsen Civil Rights Act is three years, therefore any state law claims by Plaintiff as to events prior to July 27, 2008 are barred. See M.C.L. § 600.5805(10); Slayton v. Michigan Host, Inc., 144 Mich. App. 535, 553-54 (1985). Further, plaintiff's federal claims are barred by her failure to file with the EEOC within 300 days of the alleged discrimination and 180 days of the alleged discrimination based on disability.

Overall, plaintiff's claims are barred by res judicata and the statute of limitations. As another judge in this district stated, reaching the same conclusion in plaintiff's second lawsuit:

> Plaintiff's alleged causes of action seek recovery for the same injury upon which a judgment on the merits has been issued in a prior suit, notwithstanding the fact that a different legal theory of recovery is advanced in the second suit. Because the causes of action alleged in this suit could have been resolved in the suit that was filed seven years ago, the doctrine of res judicata bars Plaintiff's claims.
>
> In addition, Plaintiff was terminated from her employment in April, 1999; this suit was filed in May 2007. Application of Michigan's three-year statute of limitations to employment discrimination claims bars all of the state claims alleged in this complaint. Likewise Plaintiff's federal claims are barred by her failure to file with the EEOC within 300 days of the alleged age discrimination and 180 days of the alleged discrimination based on disability.

Doc. 14 in case no. 07-11999 at p. 2-3. Plaintiff's response offers no reason as to why the claims in this case are not barred by res judicata and the statute of limitations.

Given this determination, it is not necessary to address defendant's argument that plaintiff's claims fail to meet the pleading standards of Twombly and Iqbal.

5

V.  Conclusion

For the reasons stated above, defendant's motion to dismiss is GRANTED.  This case is DISMISSED.

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated:  January 5, 2012

I hereby certify that a copy of the foregoing document was mailed to Marilyn J.  Fortner, 18034 Mansfield, Detroit, MI 48021 and  the attorneys of record on this date, January 5, 2012, by electronic and/or ordinary mail.

        S/Julie Owens
        Case Manager, (313) 234-5160